JUDGE HELLERSTEIN

12 CIV 3180

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLOS CASTILLO, on behalf of himself and all others similarly situated, DANIEL RODRIGUEZ, on behalf of himself and all others similarly situated, CARLOS PALMA, on behalf and all others similarly situated,

Plaintiffs,

-against-

EL TEQUILAZO CORP., ABELARDO LONGAS, individually, LAZARO NAVARRO, individually, FERNANDO NAVARRO, individually, and JUAN NAVARRO, individually,

Defendants.

Docket No.

RECEIVED
APR 20 2012
U.S.D.C. S.D.N.Y.
CASHIERS

**COMPLAINT**

***JURY TRIAL DEMANDED***

Plaintiffs CARLOS CASTILLO, on behalf of himself and all others similarly situated, DANIEL RODRIGUEZ, on behalf of himself and all others similarly situated, and CARLOS PALMA, on behalf of himself and all others similarly situated (collectively as "Plaintiffs" or "Class Action Plaintiffs" or "FLSA Plaintiffs"), by and through their attorneys, The Law Office of BORRELLI AND ASSOCIATES, P.L.L.C. bring this action for damages and other legal and equitable relief from Defendants EL TEQUILAZO CORP., ABELARDO LONGAS, individually, LAZARO NAVARRO, individually, FERNANDO NAVARRO, individually, and JUAN NAVARRO, individually, (collectively as "Defendants") for violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the New York State Labor Law ("Labor Law"), and any other cause or causes of action that can be inferred from the facts set forth herein.

## INTRODUCTION

1. This is an action brought by Plaintiffs challenging acts committed by Defendants against Plaintiffs amounting to wage and hour violations, as well as collective and class claims of violations of Federal and New York State wage and hour laws.

2. The Plaintiffs bring this action on his own behalf and those similarly-situated pursuant to the Federal and New York State laws requiring overtime pay for employees; pay at the legally mandated minimum rate; and proper compensation for spread of hours.

3. Defendants committed violations of these laws by engaging in a systematic scheme of failing to compensate Plaintiffs the statutorily required overtime pay, as well as, depriving Plaintiffs at a rate of pay in accordance with the Federal and State statutorily required minimum rate of pay per hour worked, and proper compensation for spread of hours.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C.§ 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; and (iii) under 29 U.S.C. § 201 *et. seq.*

5. This Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all other claims that are so related to claims

in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this Court pursuant to 29 U.S.C. §§ 201-219, insofar as this District lies in the State in which the unlawful employment practices occurred. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b); this being the District in which the Defendants reside, maintain offices, and conduct business.

## PARTIES

7. Plaintiff CARLOS CASTILLO is a resident of the State of New York, County of Queens.

8. Plaintiff DANIEL RODRIGUEZ is a resident of the State of New York, County of Queens.

9. Plaintiff CARLOS PALMA is a resident of the State of New York, County of New York.

10. Defendant EL TEQUILAZO CORP., doing business as El Tequilazo, is a corporation organized under the laws of the State of New York, with its principle place of business located at 43 West 46th Street, New York, New York 10036.

11. El Tequilazo Corp. is the holding company that owns EL TEQUILAZO, a restaurant located at 43 West 46th Street, New York, New York 10036.

12. Defendant ABELARDO LONGAS is the chairman and/or owner/operator of EL TEQUILAZO CORP. and EL TEQUILAZO.

13. Defendant LAZARO NAVARRO is the chairman and/or owner/operator of EL TEQUILAZO CORP. and EL TEQUILAZO.

14. Defendant FERNANDO NAVARRO is the chairman and/or owner/operator of EL TEQUILAZO CORP. and EL TEQUILAZO.

15. Defendant JUAN NAVARRO is the chairman and/or owner/operator of EL TEQUILAZO CORP. and EL TEQUILAZO.

16. The amount of qualifying annual volume of business for El Tequilazo, upon information and belief, exceeds $500,000.00 and thus subjects the business to the FLSA's overtime requirements. Additionally, El Tequilazo, its agents and employees, are engaged in interstate commerce, as they handle goods that have been and continue to be moved in interstate commerce, which independently subjects La Tequilazo to the overtime requirements of the FLSA. Lastly, Plaintiffs are domestic service workers who received at least $1,700.00 in cash wages from the Defendants in a calendar year, which also subjects the Defendants to the overtime requirements of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

17. Plaintiffs seek to bring this suit pursuant to 29 U.S.C. § 216(b) on their own behalf and on behalf of those in the following class:

> Current and former employees of Defendants who perform any work in any of Defendants' locations as non-managerial employees who give consent to file a cause of action to recover overtime compensation which is legally due to them for the time worked in excess of 10 hours per day and in excess of 40 hours in a given work week, as well as to recover the difference between the amount of wages actually paid to them and the statutorily minimum amount due ("FLSA Plaintiffs").

18. Plaintiffs are similarly situated to all such individuals and while employed by Defendants, they and all FLSA Plaintiffs performed similar tasks, were subject to the same laws and regulations, were paid in the same or similar manner, were paid the same

or similar rate, were required to work in excess of forty hours per work-week, were not paid the required 1½ times their respective regular rates of pay for overtime worked, and were not paid at an amount equal to the minimum hourly required rate of pay per hour worked.

19. Defendants treated all FLSA Plaintiffs similarly in requiring them to work in excess of forty hours per workweek without overtime compensation. Plaintiff and FLSA Plaintiffs work and/or worked for Defendants in their place of business in ten to twelve hour shifts, six days per week. They also were not compensated at an hourly rate in accordance with the minimum legally required hourly rate of pay. This practice was enforced against all employees in similar or identical fashion.

20. Defendants are and have been aware of the requirement to pay Plaintiffs and FLSA Plaintiffs for overtime work and in accordance with the minimum rate of hours laws, yet purposefully chose to not.

## RULE 23 CLASS ALLEGATIONS

21. Plaintiffs additionally seek to maintain this action as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), on their own behalf as well as on behalf of those who are similarly situated and are FLSA Plaintiffs, who, during the applicable statute of limitations, were subjected to violations of the New York Labor Law.

22. Under Fed. R. Civ. P. 23(b)(3), prerequisites for one or more members to sue as representative parties include the following:

   a. Is so numerous that joinder is impracticable;
   b. There are questions of law or fact common to the class;

    c. The claims or defenses of the representative parties are typical of the claims or defenses of the class;

    d. The representative will fairly and adequately protect the class; and

    e. A class action is superior to other methods of adjudication.

23. The class which Plaintiffs seek to define include:

> Current and former employees of Defendants who perform work in any of Defendants' locations as restaurant employees, or any current or former employees who held similarly-titled positions who give consent to file a cause of action based upon overtime and/or minimum wage violations. ("Class Plaintiffs.")

Numerosity

24. Upon information and belief, during the previous six years, Defendants have, in total, employed in excess of fifty employees in order to staff the restaurant operated by the Defendants.

Common Questions of Law and/or Fact

25. There are questions of law/fact that govern over the claims which are available to each and every Class Plaintiff, including but not limited to the following:

    a. Whether Class Plaintiffs were compensated at a rate less than the statutorily required minimum hourly rate of pay;

    b. Whether Class Plaintiffs were scheduled to work and/or required to work in shifts of approximately ten to twelve hours per day, more than five days per week;

    c. Whether Class Plaintiffs were compensated for overtime pay pursuant to Defendants' policies;

    d. Whether Defendants failed to pay Class Plaintiffs for the hours worked in excess of forty hours;

e. Whether Defendants kept accurate records of hours worked by Class Plaintiffs; and,

f. Whether Defendants have any affirmative defenses for any of these claims.

### Typicality of Claims and/or Defenses

26. Plaintiffs were employed by Defendants in the same capacity as all of Defendants' employees aside from Management. All of Defendants' employees were treated the same or similarly by management with respect to pay or lack thereof. Thus, there are common questions of law and fact which are applicable to each and every one of Defendants' employees.

27. This treatment included, but was not limited to, failure to pay employees the proper overtime wages and failure to compensate employees in accordance with the statutorily prescribed minimum rate of pay.

### Adequacy

28. The representative parties are no longer employed by Defendants. Plaintiffs have kept records from working for Defendants and would properly and adequately represent the current and former employees who have been subject to the treatment alleged herein. Additionally, Plaintiff's attorneys have substantial experience in this field of law.

### Superiority

29. Any lawsuit brought by an employee of Defendants would be identical to a suit brought by any other employee for the same violations. Separate litigation would create a risk of inconsistent results. Plaintiffs have no facts relating to the class claims that are not typical of the class. Indeed, upon information and belief, Plaintiffs were treated identically to other employees.

30. Because Plaintiffs are no longer employed by Defendants, they will be able to further represent Class Plaintiffs by acting without fear and further retaliation and harassment. The means of protecting the Class Plaintiffs' rights is superior to any other method.

## FACTS

31. El Tequilazo (hereinafter the "restaurant") was owned and operated by Abelardo Longas from 2004 through 2009.

32. Upon information and belief, Lazaro Navarro, Fernando Navarro, and Juan Navarro purchased the restaurant from Longas in 2009. The Navarro's currently own and operate the restaurant.

33. Plaintiff Castillo commenced his employment with Defendants in 2001. Plaintiff's employment with the restaurant concluded in 2011.

34. Castillo's duties included but were not limited to working in the kitchen as a cook's assistant and cook.

35. Plaintiff Rodriguez commenced his employment with Defendants in 2007. Plaintiff's employment with the restaurant concluded in 2011.

36. Rodriguez's duties included but were not limited to waiting tables.

37. Plaintiff Palma commenced his employment with Defendants in 2009. Plaintiff's employment with the restaurant concluded in 2011.

38. Palma's duties include but were not limited to making deliveries and working in the kitchen as a cook's assistant and cook.

39. Upon information and belief, the policies and practices at the restaurant were common, created and enforced as part of the joint operation, and they did not change significantly during the period of time when Plaintiffs were employed by Defendants.

## Overtime and Wage Violations

40. Plaintiffs, throughout their tenures of employment, were full-time employees of Defendants who were paid on either nightly or weekly bases, for only their first forty hours worked per work week. Plaintiffs never received time and a half for each hour worked over 40 hours per week.

41. Throughout Plaintiffs' entire tenures of employment with Defendants, Plaintiffs were required to work, and did in fact work, in excess of five days per week. Thus, Plaintiffs were required to work and did in fact work approximately forty-eight to sixty hours per week throughout their tenures of employment with Defendants.

42. This amount of time that Plaintiffs were required to work corresponded with the restaurant's business hours of operation. Plaintiffs were required to be working during all hours when the restaurant was open for business. Upon information and belief, all non-managerial employees were also required to be working during all hours when the restaurant was open for business.

43. For his services, Plaintiff Castillo's earned-income per week for hours worked was approximately $750.00 per week for the periods 2006 through 2008.

44. Castillo was not compensated in accordance with the statutorily required minimum hourly rate of pay during his period of employment; 2006 - 2008. Further, Castillo worked over forty-eight hours per week and was never compensated with time and a half for time worked over forty hours per week.

45. For his services as a cook or cook's assistant, Plaintiff Palma's earned-income per week for hours worked was approximately $400.00 per week for the periods 2009 through 2011.

46. Palma was not compensated in accordance with the statutorily required minimum hourly rate of pay during his period of employment; 2009-2011. Further, Palma worked over sixty hours per week and was never compensated with time and a half for time worked over forty hours per week.

47. For his services, Plaintiff Rodriguez worked 10 hours per day, five days per week. Rodriguez earned a flat rate of $25.00-$30.00 per day.

48. Additionally, the Plaintiffs were not compensated at any rate for any hour worked per work week in excess of 40, much less at the statutorily mandated rate of one and one-half times his normal rate of pay.

49. All of Defendants' employees in similar titles to the Plaintiffs worked similar hours to Plaintiffs and they were not compensated at the legally mandated overtime rate for hours worked per week in excess of 40, nor were they compensated at the legally required minimum hourly rate of pay. Plaintiffs were aware of other employees' similar situations regarding hours worked and rate of pay based on conversations with other employees.

Improper Pay Stubs and Documentation

50. Plaintiffs Rodriguez and Palma never received pay stubs. Plaintiff Castillo received pay stubs but those pay stubs did not accurately reflect the rate of pay, the hours worked, and the amount deducted.

51. In fact, Plaintiff Castillo received pay stubs for only the years 2006 through 2008. For the pay stubs Castillo did receive, they failed to include and/or misrepresented the rate of pay, overtime rate of pay, if the employee was subject to overtime regulations, the basis of wage payment, any allowances the employer intends to claims as part of the minimum

wage including tip, the regular pay day, year-to-date hours, overtime hours, rate of pay, and overtime rate of pay, and earned tips.

52. Upon information and belief, Plaintiffs and members of the putative class did not receive pay stubs that accurately reflected their hours worked, rates of pay, tips, overtime hours worked, overtime rates of pay, year-to-date hours worked, and year-to-date money earned.

53. Plaintiff Rodriguez, a waiter, received tips for each shift worked and never at any point during his employment received a pay stub, nor notification of a tip credit.

54. Upon further information and belief, if Plaintiff Castillo, and other members of the putative class, received pay stubs, the pay stubs were inaccurate, false, and/or misrepresented tip amounts, thereby altering and/or impacting withholdings.

## Gratuity Violations

55. Plaintiff Palma, as a delivery person, expected to and did, in fact, earn tips. As per management and restaurant policy, tips were included in the purchase. Therefore, at the end of each week, Palma would receive his share of gratuity for deliveries that week. However, upon information and belief, management and tip-ineligible employees retained approximately 40% of the gratuities, or what was purported to be gratuities.

56. Upon information and belief, members of the putative class did not either receive a share of the gratuity pool and/or receive an accurate and fair percentage of the gratuity pool.

57. Upon information and belief, the restaurant, its management, and other tip-ineligible employees, retained, in whole or in part, the gratuity pool or what was purported to be a gratuity pool.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS ON BEHALF OF PLAINTIFF AND ALL COLLECTIVE PLAINTIFFS

### For Violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219

58. Plaintiffs and the putative class repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein.

59. Plaintiffs and all other employees of Defendants were required to work in excess of 40 hours a week without being compensated for those hours at any rate of pay, much less at the statutorily required time and a half pay. Plaintiffs and all other employees of Defendants were also not compensated at the minimum hourly rate of pay. These practices were willful and lasted for the duration of the relevant time periods.

60. This practice is in violation of the Fair Labor Standards Act.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS ON BEHALF OF PLAINTIFF AND ALL CLASS PLAINTIFFS

### For Violation of the New York Labor Law §§ 650 et. seq.

61. Plaintiffs and the putative class repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein.

62. Plaintiffs and all other employees of Defendants were required to work in excess of 40 hours a week without being compensated for those hours at any rate of pay, much less at the statutorily required time and a half pay. Plaintiffs and all other employees of Defendants were also not compensated at the minimum hourly rate of pay. These practices were willful and lasted for the duration of the relevant time periods.

63. This practice is in violation of the New York Labor Law §§ 650 et. seq.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS ON BEHALF OF PLAINTIFF AND ALL CLASS PLAINTIFFS

### For Violation of 12 N.Y.C.R.R. § 142-2.4

64. Plaintiffs and the putative class repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein.

65. Plaintiffs and all other employees of Defendants were required to work in excess of ten hours a day without being compensated for the legally mandated spread of hours pay. These practices were willful and lasted for the duration of the relevant time periods.

66. This practice is in violation of 12 N.Y.C.R.R. § 142-2.4.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS ON BEHALF OF PLAINTIFF AND ALL CLASS PLAINTIFFS

### For Violation of New York Labor Law §§ 198-1(d) and 195

67. Plaintiffs and the putative class repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein.

68. Plaintiffs and all other employees were required from the Defendants to receive the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

69. Upon information and belief, Plaintiffs and all other employees did not receive pay stubs that accurately reflect their hours worked, rates of pay, overtime hours worked, overtime rate of pay, year-to-date earnings, and year-to-date hours worked.

70. Upon further information and belief, the tip amount set forth in each pay stub by Defendants was improper, false, misrepresented and/or inaccurate.

71. These practices were willful and lasted for the duration of the relevant time periods, and are in violation of the New York Labor Law.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS ON BEHALF OF PLAINTIFF AND ALL CLASS PLAINTIFFS

### For Violation of New York Labor Law § 196(d), 12 N.Y.C.R.R. § 146, and the Fair Labor Standards Act, 42 U.S.C. §§ 201-219

72. Plaintiff and the putative class repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein.

73. The Defendants availed themselves of tip credits yet required tipped employees, including Plaintiff and all other employees, to share tips with employees who do not customarily and regularly receive tips.

74. The Defendants availed themselves of money designated for tips despite being tip-ineligible employees.

75. The Defendants did not provide notification of a tip credit to Plaintiffs.

76. These practices were willful and lasted for the duration of the relevant time periods, and are in violation of the Fair Labor Standards Act and New York Labor Law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and the Classes demand judgment against Defendants as follows:

1. Demand a jury trial on these issues to determine liability and damages;

2. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

3. A judgment declaring that the practices complained of herein are unlawful and in violation of New York Labor Law §§ 195, 198, and 215; Fair Labor Standards Act, 29 U.S.C. §§ 201-219, ("FLSA"); the New York Labor Law §§ 650 et. seq.; and the New York "spread of hours" pay required under 12 N.Y.C.R.R. § 142-2.4.

4. All damages which Plaintiff and the Classes have sustained as a result of Defendants' conduct, including back pay, front pay, general and special damages for lost compensation and job benefits they would have received but for Defendants' improper practices;

5. Exemplary and punitive damages in an amount commensurate with Defendants' ability and so as to deter future malicious, reckless, and/or intentional where appropriate and permitted by law;

6. Awarding Plaintiff his costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

7. Pre-judgment and post-judgment interest, as provided by law; and

8. Granting Plaintiff and Classes other and further relief as this Court finds necessary and proper.

*A TRIAL BY JURY IS DEMANDED*

Dated: April 6, 2012
    Great Neck, New York

                              THE LAW OFFICE OF
                              BORRELLI & ASSOCIATES, PLLC

                              *[signature]*
                              MICHAEL J. BORRELLI (MB8533)
                              G. WILLIAM GERMANO, JR. (GG8268)
                              *Attorneys for Plaintiffs*
                              1010 Northern Blvd., Suite 328
                              Great Neck, New York 11021
                              (516) 248-5550