# BORRELLI & ASSOCIATES

—— P.L.L.C. ——

www.employmentlawyernewyork.com

| 655 Third Avenue | 1010 Northern Boulevard |
| Suite 1821 | Suite 328 |
| New York, NY 10017 | Great Neck, NY 11021 |
| Tel. No. 212.679.5000 | Tel. No. 516.248.5550 |
| Fax No. 212.619.5005 | Fax No. 516.248.6027 |



*Handwritten note from Judge:* Counsel for all parties shall appear before me on June 25 at 4:00pm to discuss the issues of this letter and its attachments. 6-17-14 /s/ AKH

RECEIVED JUN 12 2014 CHAMBERS OF ALVIN K. HELLERSTEIN U.S.D.J. (stamped twice)

DOCUMENT ELECTRONICALLY FILED DOC #: _____ DATE FILED: 6/18/14

June 11, 2014

*Via Electronic Filing and First Class Mail*
The Honorable Alvin K. Hellerstein
United States District Judge for the
Southern District of New York
500 Pearl Street, Courtroom 14D
New York, New York 10007-1312

    Re:    <u>Castillo et. al. v. El Tequilazo, et. al.</u>, Civil Action No.: 12-cv-3180

Dear Judge Hellerstein:

    In accordance with Rule 2(E) of Your Honor's Individual Practices, this will serve as Plaintiffs' and Defendant Longas's joint letter outlining a discovery dispute in the above-referenced matter.

**Plaintiffs' Portion**

    This office represents the Plaintiffs, Carlos Castillo, Daniel Rodriguez, Carlos Palma, Cirilo Jimenez, Daniel Rodriguez, Diego Rodriguez, Jose P. Tlaxco, Natividad Gavilan, Pedro Toxqui Morales, Alejandro Cosme Cogotzin, Carlos Palma Escobar in the above-referenced matter. Plaintiffs, by and through their undersigned counsel of record, submit this request for a pre-motion conference concerning Plaintiffs' anticipated motion to compel Defendant Abelardo Longas's ("Longas") response to Plaintiffs' First Set of Combined Discovery Requests, Plaintiffs' document production requests and Your Honor's April 9, 2014 Order, pursuant to Rule 37(a)(4) of the Federal Rules of Civil Procedure, and for sanctions in the form of attorney's fees associated with making that motion, pursuant to Rule 37(a)(5).

As the Court knows, in this action Plaintiffs, are former employees of, Defendant Abelardo Longas ("Longas"), and Defendants, Lazaro Navarro, Fernando Navarro and Juan Navarro (collectively referred to as "Navarro Defendants"), who allege that both Defendant Longas and the Navarro Defendants violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to pay Defendants' employees the statutorily required minimum rate of pay per hour worked, time and a half for hours worked in excess of forty in a work week, and by requiring their employees to surrender a portion of their tips to management. The Court conditionally certified the FLSA collective on April 9, 2014.

On April 30, 2013, Plaintiffs served on Defendants "Plaintiffs' First Combined Discovery Requests," which consisted of forty-eight document requests and fourteen interrogatories. Defendants' responses to those requests were due on or around May 30, 2013. By May 30, 2013, Defendant Longas had not provided responses to any of Plaintiffs' demands nor had they requested an extension of time to do so. On May 30, 2013, this Court ordered that Defendant Longas's former attorney be discharged from acting on his behalf. *See* Dkt. No.38. On February 27, 2014, Plaintiffs made a motion requesting that this Court compel Defendant Longas to appear for a deposition in this matter. On March 31, 2014, Defendant Longas's current counsel entered a Notice of Appearance. *See* Dkt. No.61. On April 3, 2014, Plaintiffs served Defendant Longas's new counsel with their Rule 26 disclosures and a second copy of their First Set of Combined Discovery Requests. *See* Exhibit A. On April 9, 2014 the Court granted Plaintiffs' motion to conditionally certify a Collective Action and ordered that the Defendants provide Plaintiffs with "the names, last known mailing addresses, alternate addresses, all telephone numbers, last known email addresses, dates of birth, Social Security numbers, and dates of employment of all non-managerial employees who worked from April 20, 2009 until the present," within twenty days. *See* Dkt. No.63. On May 5, 2014 Defendant Longas responded that, "Longos [sic] was not operating the business during the dates specified, after January 2009. Consequently, he possesses no such documentation." *See* Exhibit B. On May 15, 2014 Defendant Longas provided "Defendant Longas's Response to Discovery Requests." *See* Exhibit C. Defendant Longas's discovery responses in sum and substance asserted that Defendant Longas had no, and could not identify the location of, any information whatsoever that was responsive to Plaintiffs' First Set of Combined Discovery Requests.

On May 16, 2014, Defendant Longas appeared for a deposition in this matter. During his deposition testimony he acknowledged that he was familiar with the Plaintiffs' First Set of Combined Discovery Requests, and that he assisted his attorney in preparing his responses to the aforementioned requests. *See* Exhibit D. However, when Plaintiffs' counsel questioned him on those topics addressed within Plaintiffs' First Set of Combined Discovery Requests, Longas acknowledged that he possessed information, knew the location of documents, as well as the identity of potential class members that he had not provided to Plaintiffs' in the aforementioned responses.

As such, it became apparent to counsel for Plaintiffs and counsel for Defendant Longas that he would have to supplement his responses to Plaintiffs' First Set of Combined Discovery Requests as well as the Court's April 9, 2014 Order. Specifically, Defendants acknowledged on the record that their responses could be supplemented and Plaintiff requested that Defendant Longas supplement his responses. *Id.* at 132, 139.

On May 21, 2014, counsel for Plaintiffs sent correspondence via electronic and regular mail to counsel for Defendant Longas reiterating their document production requests and re-requesting Defendant's supplemental response to (1) the Court's April 9, 2014 Order, and (2) Plaintiffs' First Set of Combined Discovery Requests. *See* Exhibit E. Defendant Longas did not provide any response in connection with this request. On May 30, 2014, counsel for Plaintiffs called counsel for Defendant Longas and left a message with a member of his staff requesting that he respond to meet and confer concerning all outstanding discovery items. When on June 2, 2014, Plaintiff had still not heard from counsel for Defendants, the undersigned sent a follow up letter via electronic and regular mail re-requesting the aforementioned items and advising counsel for Defendant Longas that failure to provide all outstanding discovery on or before June 5, 2014 would result in Plaintiffs making a motion to Compel. *See* Exhibit F. Counsel for Plaintiffs then followed this correspondence with a phone call on June 2, 2014. Counsel for Defendant Longas was again unavailable and the undersigned left a message with a member of his staff requesting that he respond to meet and confer concerning all outstanding discovery items. Defendant Longas failed to respond to Plaintiffs' correspondence or telephone messages. On June 5, 2014, the undersigned again contacted counsel for Defendant Longas, advising him that Plaintiffs intended to make the instant application on June 9, 2014. At this time, Benjamin Sharav, counsel for Defendant Longas, indicated that he would "attempt to" provide the needed responses on or before June 9, 2014, however at the time of making this application Plaintiffs have not yet received the aforementioned outstanding discovery materials.

Based on all of the above, after going above and beyond the "meet and confer" obligations imposed by Rule 37 and this Court's Local Rules, Plaintiffs respectfully request that the Court compel Defendant Longas to provide full and complete responses to Plaintiffs' First Set of Combined Discovery Requests, Plaintiffs' document production requests, and Your Honor's April 9, 2014 Order concerning the provision of information on additional class members. Plaintiffs also request that the Court order sanctions, in the form of Plaintiffs' attorney's fees associated with having to make this motion, at the rate of $250/hour, a rate far below than that at which we normally bill and far below what we would and will request upon Plaintiffs being declared the prevailing party in this matter, for three hours of work. Pursuant to Rule 37(a)(5), in granting a motion pursuant to Rule 37(a)(4) a "court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses

incurred in making the motion, including attorney's fees." *See Nike, Inc. v. Top Brand Co. Ltd.*, 216 F.R.D. 259, 267 -268 (S.D.N.Y. 2003).

We respectfully request an order in conformance with that rule.

**Defendants' Portion**

As Plaintiff correctly informs the Court, Defendant Longos gave a deposition on May 16, 2014 at the offices of Plaintiffs' counsel. Defendant Longos is, in fact, the only person who has appeared for a deposition in this case.

This is a case in which Defendant Longas has been a victim of other defendants and has been trying to dig himself out of the predicament that he finds himself in. Longos was in federal prison from the beginning of the time frame covered by this action in 2009 and turned over the business to the Navarro defendants in January 2009. Mr. Longos testified in the deposition that the Navarro defendants have all the business records and that they even removed all the computers when they vacated the premises.

Plaintiffs' counsel mischaracterize Defendant Longas's testimony when the state that "Longas acknowledged that he possessed information, knew the location of documents, as well as the identity of potential class members that he had not provided to Plaintiffs' in the aforementioned responses." Longas specifically testified that he does not know the location of documents.

Defendant's counsel will be meeting with Longas next week and will review the Discovery demands and provide supplemental responses where additional information is known.

Plaintiffs' demand for sanctions against Longos is spurious in light of the fact that no other depositions have been taken and Longos has testified that he does not have possession of the business documents and believes that they are in the possession of the Navarro defendants—and the parties have consented to request an expansion of the time for discovery to be completed.

Respectfully,

Rebecca S. Predovan, Esq.

Enclosures

C:  Joshua Fingold, Esq.
    Edward V. Sapone, LLC
    40 Fulton Street, 23rd Floor
    New York, New York 10038
    josh@fingoldlaw.com
    edward@saponelaw.com

    Benjamin Sharav, Esq.
    Victor J. Molina, Esq
    930 Grand Concourse, Suite 1A
    Bronx, NY 10451
    v.j.molina@verizon.net