*Revised*

# BORRELLI & ASSOCIATES
## P.L.L.C.
www.employmentlawyernewyork.com

at 10:00 am

655 Third Avenue
Suite 1821
New York, NY 10017
Tel. No. 212.679.5000
Fax No. 212.679.5005

1010 Northern Boulevard
Suite 328
Great Neck, NY 11021
Tel. No. 516.248.5550
Fax No. 516.248.6027

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/12/14

RECEIVED
AUG 11 2014
CHAMBERS OF
ALVIN K. HELLERSTEIN
U.S.D.J.

August 7, 2014

*Via Electronic Filing and Facsimile: (212) 805-7942*
The Honorable Alvin K. Hellerstein
United States District Judge for the
Southern District of New York
500 Pearl Street, Courtroom 14D
New York, New York 10007-1312

*[Handwritten annotation:] A status conf. will be held Aug 22, 2014 to discuss all the issues presented in this letter. Counsel shall identify, specifically, the precise discovery that remains open and that could not previously have been conducted. 8-12-14 [signed] Alvin Hellerstein*

Re: *Castillo et. al. v. El Tequilazo, et. al., Civil Action No.: 12-cv-3180*

Dear Judge Hellerstein:

    This office represents the Plaintiffs, Carlos Castillo, Daniel Rodriguez, Carlos Palma, Cirilo Jimenez, Daniel Rodriguez, Diego Rodriguez, Jose P. Tlaxco, Natividad Gavilan, Pedro Toxqui Morales, Alejandro Cosme Cogotzin, and Carlos Palma Escobar in the above-referenced matter. I respectfully submit this letter jointly on behalf of the parties to request that the matter be referred to a Magistrate Judge for the purpose of conducting a settlement conference. The parties are hopeful that with the Court's assistance a beneficial settlement will be reached amongst the parties. The parties jointly request that the Court grant a sixty day extension of the deadline for completion of non-expert discovery from August 29, 2014 to October 29, 2014. This is the fourth request for an enlargement of the discovery period and is made for the primary purpose of allowing the parties recently added to this action to be served with a copy of the Complaint, as well as the secondary purpose of enabling the parties to conduct meaningful settlement negotiations under the Court's supervision without incurring any additional cost or expense.

    As the Court knows, Plaintiffs allege they are former employees of Defendant Abelardo Longas ("Longas"), and Defendants, Lazaro Navarro, Fernando Navarro and Juan Navarro (collectively referred to as "Navarro Defendants"), who allege that both Defendant Longas and

the Navarro Defendants violated the Fair Labor Standards Act and the New York Labor Law ("NYLL") by failing to pay their employees the statutorily required minimum rate of pay per hour worked, time and a half for hours worked in excess of forty in a work week, and by requiring their employees to surrender a portion of their tips to management. In addition, Plaintiffs allege that both Defendant Longas and the Navarro Defendants violated the NYLL by failing to provide spread of hours pay on days when they worked over ten hours, and by failing to issue accurate statements of hours and wages to employees at the time payroll was issued.

On February 28, 2014, the parties jointly submitted a letter motion requesting that Your Honor extend the discovery period to April 15, 2014, and then on March 28, 2014, the parties submitted a second letter motion requesting that the discovery period be extended to June 15, 2014. Your Honor granted both of the aforementioned requests. *See* Dkt. No. 57 & 60. Moreover, as the Court is aware, when the parties sought an extension of the discovery period on March 28, 2014, Defendant Longas was in the process of retaining counsel, after which Plaintiffs took his deposition. During the course of Defendant Longas's deposition, it became apparent that Defendant Longas would have to supplement his response to Plaintiffs' written discovery requests. In addition, at Defendant Longas's deposition, Plaintiffs became aware that they must amend their Complaint to include additional individuals/entities generally identified in Defendant Longas's deposition testimony, whom Defendant Longas later identified with more specificity in his outstanding discovery materials. On June 27, 2014, the Court compelled Defendant Longas to provide responsive discovery requests. *See* Dkt. No. 73. The Court also enlarged the discovery period from June 15, 2014 to August 29, 2014, and at that time the Court informed the parties that it would not further enlarge the discovery period.

On July 3, 2014, Defendant Longas provided Plaintiff the discovery that the Court compelled on June 27, 2014. Contained within these materials was the information needed to identify and serve the afore-referenced additional parties. On July 21, 2014 the parties stipulated that the identified individuals should be included within the action and on July 23, 2014, Your Honor so ordered the stipulation. *See* Dkt. No. 74. Plaintiffs are awaiting issuance of Summons for the new Defendants after which Plaintiffs will serve the additional Defendants. Without an extension, once all additional parties have been served and had the opportunity to answer the Complaint, the deadline for conducting discovery will have already expired. Thus, due to the inclusion of additional parties, the existing parties are now placed in a unique and difficult position with respect to the timely completion of discovery. It is for this reason primarily, that the parties are requesting the instant relief despite the Court's prior instruction concerning further enlargements of time. The matter of wanting to settle this matter in the meantime without incurring additional expense is a real one, but secondary to that first concern.

Accordingly the parties are hopeful that an additional extension of sixty days will allow sufficient time to complete all remaining discovery with respect to the additional parties mentioned and thereby grant them an opportunity to avail themselves of the full benefits of engaging in Court assisted mediation discussions.

Your Honor's consideration is greatly appreciated.

Respectfully,

Rebecca S. Predovan, Esq.

C: Joshua Fingold, Esq.
Edward V. Sapone, LLC
40 Fulton Street, 23rd Floor
New York, New York 10038
josh@fingoldlaw.com
edward@saponelaw.com

Benjamin Sharav, Esq.
Victor J. Molina, Esq
930 Grand Concourse, Suite 1A
Bronx, NY 10451
v.j.molina@verizon.net

Judge wrote:

"A status conference will be held August 22, 2014 at 10:00am to discuss all the issues presented in this letter. Counsel shall identify, specifically, the precise discovery that remains open and that could not previously been conducted.

8-12-14
Alvin K. Hellerstein"