UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CARLOS CASTILLO, on behalf of himself and all others similarly situated, DANIEL RODRIGUEZ, on behalf of himself and all others similarly situated, CARLOS PALMA, on behalf of himself and all others similarly situated,

        Plaintiffs,

-against-

EL TEQUILAZO CORP., MAELO CORPORATION d/b/a CHIPS AND SALSA, MARITZA ORTIZ a/k/a MARITZA SEGUERO- VELEZ, individually, ELENA ZULUAGA a/k/a LUZELENA ZULUAGA, individually, ABELARDO LONGAS, individually, LAZARO NAVARRO, individually, FERNANDO NAVARRO, individually, and JUAN NAVARRO, individually,

        Defendants.

12-CV-3180(AKH)

---

## DECLARATION OF REBECCA S. PREDOVAN, ESQ., IN SUPPORT OF BORRELLI & ASSOCIATES, P.L.L.C.'S MOTION TO WITHDRAW AS COUNSEL TO PLAINTIFF ALEJANDRO COSME COGOTZIN

1. I am an attorney with Borrelli & Associates, P.L.L.C. ("Borrelli & Associates" or "Firm"), currently counsel for Plaintiffs and opt-in Plaintiffs Carlos Castillo, Daniel Rodriguez, Carlos Palma, Cirilo Jimenez, Daniel Rodriguez, Diego Rodriguez, Jose P. Tlaxco, Natividad Gavilan, Pedro Toxqui Morales, Alejandro Cosme Cogotzin, and Carlos Palma Escobar in the above captioned matter (collectively "Plaintiffs"), who bring this action alleging violations of the Fair Labor Standards Act and New York Labor Law on behalf of themselves and all others similarly situated.

2. I have personal knowledge of the facts and circumstances contained herein.

3. I submit this Declaration in support of the Firm's Motion for an Order pursuant to Local Civil Rule 1.4 permitting its withdrawal as attorneys of record for Plaintiff Alejandro

Cosme Cogotzin only.

### I. Background.

4. Borrelli & Associates must withdraw as counsel to Alejandro Cosme Cogotzin as Plaintiff Cogotzin has not maintained a consistent level of contact with the Firm. In fact, he has not responded to the Firm's efforts to reach him in connection with scheduling his deposition for over three months. The Firm attempted to contact Plaintiff Cogotzin seven times on or about March 31, 2014, May 16, 2014, August 21, 2104, August 28, 2014 and September 17, 2104 via telephone, August 21, 2014 via written correspondence and August 21, 2014 via electronic correspondence; however none of these efforts have resulted in contact with Plaintiff Cogotzin.

5. On September 17, 2014, the undersigned yet again attempted to contact Plaintiff Cogotzin to determine whether he consented to the relief requested herein, however the phone numbers that the Firm has on file for Plaintiff Cogotzin are now either not in service or no longer maintained by Plaintiff Cogotzin.

6. On September 18, 2014, the undersigned sent correspondence notifying Plaintiff Cogotzin of: (i) the Firm's intention to withdraw as counsel on his behalf; (ii) his ability to represent himself pro se or to hire alternate counsel to represent him in this action; and that (iii) failure to appear pro se, or to hire a replacement attorney could result in an inability to purse his claims against the Defendants in this action. A true and correct copy of this letter is attached hereto as **Exhibit A**.

7. The Firm cannot adequately represent Plaintiff Cogotzin in the above captioned action as he is unresponsive to the Firm's efforts to contact him. As such, withdrawal is necessary and proper. Correspondence detailing the legal basis for the Firm's position is attached hereto as **Exhibit B**.

8.  Counsel for all of the Defendants that to date have appeared in the action have represented that they do not oppose the relief requested herein.

9.  Despite several calls, letters and e-mails to Plaintiff Cogotzin over the past three months, Plaintiff Cogotzin has not responded to any of the aforementioned efforts. Thus, based upon the forgoing, Borrelli & Associates respectfully requests that the Court grant its motion to withdraw.

## II. No Party Is Prejudiced By The Firm's Motion to Withdraw as Counsel for Plaintiff Cogotzin.

10. Withdrawal of Borrelli & Associates at this stage of the litigation will not prejudice any of the parties.

11. In the instant action, fact discovery is scheduled to conclude on September 19, 2014, with respect to the existing parties, however on July 21, 2014, three additional Defendants were added to the action for which discovery will need to be conducted. This schedule will allow Plaintiff Cogotzin time to retain replacement counsel prior to the completion of discovery, well in advance of any trial in this matter, if he chooses to do so. No harm will result to Defendants if the Court grants the Firm's motion, as indeed, the Defendants' consent to the relief requested herein indicates.

## III. Conclusion.

12. Based upon the forgoing Borrelli & Associates respectfully requests that the Court issue an order permitting it to withdrawal as counsel to Plaintiff Cogotzin only, particularly as Plaintiff Cogotzin has already constructively terminated the Firm's services by

failing to respond to the efforts of its employees to contact him.


Dated:  September 18, 2014
       Great Neck, New York

                                           Rebecca S. Predovan (RP 7075)
                                           Borrelli & Associates, PLLC
                                           *Attorneys for Plaintiffs*
                                           1010 Northern Boulevard, Suite 328
                                           Great Neck, New York 11021
                                           (516) 248-5550